IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23–16–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| RYAN CREIGHTON DOAK, | |
| Defendant. | |

Before the Court is Defendant Ryan Creighton Doak's "Demand to Dismiss," which the Court construes as his Second Motion to Dismiss. (Doc. 51.) The motion challenges the Court's jurisdiction to hear this case. (*Id.* at 3.) The United States opposes the motion and again requests that this Court revoke Mr. Doak's pro se status. (Doc. 52 at 2–3.)

The Court addressed Mr. Doak's arguments regarding jurisdiction when it denied his first pro se motion filed in this matter, construed as his First Motion to Dismiss (Doc. 43). (*See* Doc. 45.) The Court explained that it has jurisdiction to hear this case through the following basis:

> The basis for this Court's jurisdiction over Mr. Doak is derived from Article III of the United States Constitution, Section II, Clause I, which provides that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, [and] the Laws of the United States." Title 18, United States Code, Section 3231, provides that "[t]he district courts of the United States shall have original jurisdiction,

1

exclusive of the courts of the States, of all offenses against the laws of the United States." This Court, as a district court of the United States, therefore, has jurisdiction over the charged offenses against the laws of the United States, specifically 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 924(c)(1)(A)(i) and 922(g)(1).

(*Id.* at 2–3.)

The Court also previously denied the United States' request to revoke Mr. Doak's pro se status. (*Id.* at 5.) However, in doing so the Court also warned "that further filings that raise frivolous arguments lacking any cognizable legal basis" and "pleadings raising his status as a sovereign citizen or related ideological contentions" may result in revocation of Mr. Doak's pro se status. (Doc. 45 at 5–6.) The United States renews its request on the basis that Mr. Doak's continued filings are in clear violation of this Court's order and demonstrate that Mr. Doak is "deliberately engag[ing] in serious and obstructionist misconduct."[1] (Doc. 42 at 3.)

This matter is scheduled for trial on July 17, 2023, with Mr. Doak representing himself and Michael Donahoe of the Federal Defenders of Montana serving as standby counsel. The Court warns Mr. Doak that although his right to

---

[1] Mr. Doak also filed a "Pro Se Response to the United States' Response and Court Order." (Doc. 50.) In this filing, Mr. Doak referred to himself as a "belligerent claimant" appearing "sui juris" in this Court. (*Id.* at 2.) Mr. Doak took issue with this Court's construing of his previous filing (Doc. 43) as a motion to dismiss for lack of jurisdiction, rather than an affidavit, even though Mr. Doak himself referred to the filing as a "motion for summary judgment" during the hearing held on June 9, 2023. Mr. Doak made a "demand" that this case be dismissed, (Doc. 50 at 2), and claimed that the statements contained in his previous filing—including those statements regarding his status as a sovereign citizen—must be taken as uncontroverted fact unless and until the Government responds with a counter-affidavit, (*id.* at 5). Mr. Doak cited to law regarding affidavits in civil proceedings that is wholly inapplicable to this criminal proceeding. (*Id.* at 3–4.)

self-representation is protected by the Sixth Amendment, that right is not absolute. Should Mr. Doak continue to disregard this Court's orders or otherwise engage in behavior constituting "serious and obstructionist misconduct," his pro se status will be revoked and Mr. Donahoe will represent him at trial. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (stating that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct"); *see also United States v. Engel*, 968 F.3d 1046, 1051 (9th Cir. 2020) ("A defendant may forfeit the right to represent himself if he 'fails to obey rulings of the court.'" (cleaned up) (quoting *United States v. Flewitt*, 874 F.2d 669, 673 (9th Cir. 1989))).

Accordingly, IT IS ORDERED that Defendant Ryan Creighton Doak's Second Motion to Dismiss (Doc. 51) is DENIED.

IT IS FURTHER ORDERED that the trial in this matter remains scheduled for July 17, 2023, at 9:00 a.m. at the Russell Smith Federal Courthouse in Missoula, Montana.

DATED this 10th day of July, 2023.

_____
Dana L. Christensen, District Judge
United States District Court